UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| ROBERT EDWARD SNEED, | ) | |
| Plaintiff, | ) ) | |
| | ) | No. 0:22-CV-36-REW-CJS |
| v. | ) ) | |
| COMMONWEALTH OF KENTUCKY, | ) | ORDER |
| Defendant. | ) ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 5, 2022, Robert Edward Sneed, proceeding *pro se*, filed a document that has been construed as a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. DE 1. Sneed moves the Court to vacate his Kentucky conviction for murder and first-degree robbery. *Id.* at 1; Brief for Appellant at 1, *Sneed v. Commonwealth*, No. 94-SC-372-MR, 1995 WL 18011825 (Ky. Apr. 11, 1995). This is Sneed's third attempt to challenge his conviction. *See Sneed v. Parker*, No. 10-182-DLB, 2010 WL 3522030, at \*1 (E.D. Ky. Sept. 8, 2010) (dismissing Sneed's § 2254 petition as time-barred by the statute of limitations); *Sneed v. Smith*, No. 6:14-cv-149-HRW-EBA (E.D. Ky. 2014); *In re Robert Sneed*, App. No. 15-5207 (6th Cir. Jan. 11, 2016) (denying Sneed authorization to file a second § 2254 petition).

On June 7, 2022, United States Magistrate Judge Candace J. Smith ordered Sneed, in relevant part, to complete the proper form to proceed with a § 2254 action (an AO Form 241) and to either pay a $5.00 filing fee or fill out an application to proceed *in forma pauperis* by July 7, 2022. DE 6 (Deficiency Order) at 2. Judge Smith warned that failure to follow either of these steps would create a presumption that Sneed did not wish to proceed with his § 2254 action. *Id.*

1

However, while the docket indicates that Sneed paid the filing fee, *see* DE 9, Sneed has yet to send in a completed AO Form 241, over nine months past the deadline. Magistrate Judge Smith, on standing referral, reviewed the record and recommended that Sneed's petition be dismissed without prejudice for failure to prosecute and comply with the Court's Deficiency Order. *See* DE 11 (Recommendation) at 5. Neither party objected to the recommendation.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court has considered the recommended disposition, as well as the entire record and relevant authority, and agrees with Judge Smith's analysis and determinations. Judge Smith weighed the appropriate factors to decide that the case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See id.* at 3. Further, Judge Smith correctly concluded that "[t]he leniency granted to *pro se* litigants has limits," and that, under these circumstances, it is "reasonable and appropriate to conclude that [Sneed's] failure to fully comply with the Court's Deficiency Order constitutes an abandonment of his claims." *Id.* at 4–5. The Court agrees; the procedural analyses and result are irreproachable. Accordingly, the Court **ADOPTS** DE 11 and **DENIES** DE 1, Sneed's § 2254 Petition, **without prejudice**. A Judgment to this effect follows.

The Court also sees no basis for issuance of a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

This is a non-merits decision, but the well-trod history cuts sharply against any substantial showing of a right denial. Further, the procedural ruling is not one subject to fair debate. The Court **DENIES** a certificate of appealability.

This the 26th day of April, 2023.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge